FILED

10 AUG 30 AM 8:46

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE JOHNSON, CDCR #AA-2825,<br><br>            Plaintiff,<br><br>vs.<br><br>B. SULLIVAN, et al.,<br><br>            Defendants. | Civil No.   10-1502 BEN (CAB)<br><br>**ORDER DENYING MOTIONS TO PROCEED *IN FORMA PAUPERIS* AND FOR APPOINTMENT OF COUNSEL PURSUANT TO 28 U.S.C. § 1915(a) AND 28 U.S.C. § 1915(e)(1) AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PREPAY FULL CIVIL FILING FEE**<br><br>[Doc. Nos. 2, 3] |

Plaintiff, an inmate currently incarcerated at California Institution for Men ("CIM") in Chino, California, and proceeding pro se, has filed a civil action pursuant to 42 U.S.C. § 1983. While difficult to decipher, it appears Plaintiff seeks to sue prison officials at the California Rehabilitation Center in Norco, the San Diego County Jail and Richard J. Donovan Correctional Facility in San Diego, based on inadequate medical treatment claims dating back to 2005. *See* Compl. at 1-6, 7-10. Attached to Plaintiff's Complaint are nearly 200 pages of unorganized, unmarked exhibits comprised of various medical records and inmate appeals.

| | |
|---|---|
| 1 | Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2], as well as a Motion for Appointment of Counsel [Doc. No. 3]. |

## I.

### MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "Under the PLRA, all prisoners who file IFP civil actions must pay the full amount of the filing fee," regardless of whether the action is ultimately dismissed for any reason. *See Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1) & (2)).

In order to comply with the PLRA, prisoners seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint...." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In this case, Plaintiff has submitted a certified copy of his inmate trust account which shows a current balance of $15,707.04. *See* Pl.'s Mot. [Doc. No. 2] at 6. Plaintiff's average monthly balance is nearly $14,000 and his average monthly deposit over the six-month period

immediately preceding the filing of his Complaint was $985.00. *See id.* Thus, pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff's initial "partial" filing fee would be nearly $3,000, which many times over exceeds the *full* $350 civil filing fee required by 28 U.S.C. § 1914(a) to commence a civil action.

Accordingly, because Plaintiff's affidavit clearly shows that he is not "unable to pay ... fees" pursuant to 28 U.S.C. § 1915(a), his Motion to Proceed IFP is DENIED.

## II.
### MOTION FOR APPOINTMENT OF COUNSEL

Generally, there is no right to counsel in a civil action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). Under "exceptional circumstances," however, a court may exercise its discretion under another provision of the IFP statute and "request an attorney to represent any person *unable to afford counsel.*" 28 U.S.C. § 1915(e)(2) (emphasis added); *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (under "exceptional circumstances" court may appoint counsel for indigent civil litigants).

Here, Plaintiff has been denied IFP status because his affidavit does not show that he is sufficiently impoverished to justify commencement of this action without full payment of the $350 filing fee. Likewise, Plaintiff's affidavit does not show that he is "unable to afford counsel" pursuant to 28 U.S.C. § 1915(e)(1). Therefore, the Court need not decide the second question – which is whether "exceptional circumstances" would also justify counsel. *See Palmer*, 560 F.3d at 970 (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Accordingly, Plaintiff's Motion for Appointment of Counsel must also be DENIED.

## III.
### CONCLUSION AND ORDER

For the reasons set forth above, **IT IS ORDERED** that:

(1) Plaintiff's Motion to Proceed IFP [Doc. No. 2] and Motion for Appointment of Counsel [Doc. No. 3] are **DENIED**.

(2)     This action is **DISMISSED** without prejudice for failure to prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a).

(3)     Plaintiff if **GRANTED** forty-five (45) days from the date of this Order to pay the entire $350 filing fee. If Plaintiff fails to pay the $350 filing fee in full within those 45 days, this action shall remain dismissed without prejudice and without further Order of the Court.[1]

DATED: 8/27/2010

HON. ROGER T. BENITEZ
United States District Judge

---

[1] Plaintiff is cautioned that if he chooses to proceed further with this action by paying the full civil filing fee required by 28 U.S.C. § 1914(a), the complaint he has already submitted will still be screened and may be dismissed in whole or in part pursuant to 28 U.S.C. § 1915A(a) & (b) if the Court finds it is "frivolous, malicious, or fails to state a claim," or if it "seeks monetary relief from a defendant who is immune." See Resnick v. Hayes, 213 F.3d 443, 446 (9th Cir. 2000) (noting sua sponte screening required by 28 U.S.C.§ 1915A(b)).